UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN SURLOFF, on his own behalf and others
similarly situated,

                Plaintiff,

-vs-                                                        Case No. 2:10-cv-305-FtM-29SPC

PARAMOUNT DRYWALL, INC., a Florida
Corporation; PARAMOUNT STUCCO, LLC, a
Florida limited liability company,

                Defendants.
_____

## **ORDER**

This matter comes before the Court on the Plaintiff, Alan Surloff's Motion for a Clerk's Default against Paramount Drywall, Inc. and Paramount Stucco, LLC. (Doc. #10) filed on June 22, 2010. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

The Plaintiff states that service was effected upon Paramount Stucco, LLC. on May 28, 2010 by serving the Summons and Complaint upon Orlando Osmany, as supervisor. Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of

> process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

The Return of Service (Doc.# 8) states that service on Paramount Stucco, LLC was made upon Orlando Osmany titled as supervisor. Orlando Osmany is not listed in the corporate records as an officer or agent upon whom service may be effected. Thus, the service upon Paramount Stucco, LLC. is deficient and the Motion for a Clerk's Default is due to be denied as to Paramount Stucco, LLC.

The service upon Paramount Drywall was made upon Rene Murow as "Company Rep." (Doc. # 9). Paramount Drywall, Inc. 3121 Ponce De Leon Blvd., Coral Gables, FL 33134 is listed as inactive as a Florida corporation since 1976. Paramount Drywall, Inc. was reinstated November 27, 1995, and an address change was listed as of January 8, 2008, as 7235 Corporate Center Drive, Bay D, Miami, Florida. Rene Murow is not listed under either entry of Paramount Drywall, Inc. as an officer or agent upon whom service may be made. Thus, it appears that service upon Paramount Drywall was ineffective. Thus, the Motion for a Clerk's Default against Paramount Drywall, Inc. is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Alan Surloff's Motion for a Clerk's Default against Paramount Drywall, Inc. And Paramount Stucco, LLC. (Doc. #10) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record