**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ALAN SURLOFF, on his own behalf and others similarly situated,

        Plaintiff,

-vs-                              Case No.   2:10-cv-305-FtM-29SPC

PARAMOUNT DRYWALL, INC., a Florida Corporation; PARAMOUNT STUCCO, LLC, a Florida limited liability company,

        Defendants.

_____

## **ORDER**

This matter comes before the Court on the Notice of Settlement (Doc. #25) filed on December 7, 2010. The parties indicate a settlement has been reached with respect to the Plaintiff's claims.

The parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982).   Therefore, the parties should submit a Joint Motion to Approve the Settlement with the settlement documents. The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

With regard to attorney's fees, the Court recognizes the ruling in <u>Bonetti v. Embarq. Mgmt. Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1].  Counsel should indicate whether the settlement of the attorney's fees was independent and in seriatim in order to forego the necessity to file copies of billing records with their settlement documentation.

Accordingly, it is now

**ORDERED:**

The parties shall have up to and including **DECEMBER 22, 2010** to submit their settlement documentation..

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All parties of record

---

[1] The <u>Bonetti</u> Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement.   Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.