UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN SURLOFF, on his own behalf and others similarly situated,

                Plaintiff,

-vs-                                    Case No. 2:10-cv-305-FtM-29SPC

PARAMOUNT DRYWALL, INC., a Florida Corporation; PARAMOUNT STUCCO, LLC, a Florida limited liability company,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Court Approval of Agreement and General Release (Doc. #26) filed on December 10, 2010. The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendants.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by

employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties have agreed to a settlement amount of $3,000.00 for the Plaintiff representing unpaid overtime wages and $3,000.00 for liquidated damages.  The Plaintiff, Alan Surloff, has agreed to accept this amount in unpaid overtime wages and liquidated damages as a fair and reasonable settlement of his claim.

With regard to attorneys fees, the parties have agreed Counsel for the Plaintiff, Shavitz Law Group, shall receive $5,500.00 in attorney's fees and in costs for representation of the Plaintiff. Counsel indicates an accurate accounting of compensation is $8,580.00 in attorney fees and $450.00 in costs totaling $9,030.00.  However, Counsel has agreed to a reduced fee award of $5,500.00, which reflects a 40% discount from the total amount incurred.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Court Approval of Agreement and General Release (Doc. #26) is **GRANTED**. The Plaintiff shall receive $3,000.00 representing unpaid overtime wages and $3,000.00 for liquidated damages. Further, Counsel for the Plaintiff, Shavitz Law Group, shall receive $5,500.00 in attorney's fees and in costs for representation of the Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___23rd___ day of December, 2010.

                                                           SHERI POLSTER CHAPPELL
                                                           UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record